IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Meghan Fashjian,
　　　　　Plaintiff(s),

vs.

Alaska Radiology Associates, Inc,
　　　　　Defendant(s).

CASE NO. 3AN-17-11305 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Alaska Radiology Associates, Inc.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Isaac D. Zorea, whose address is: PO Box 210434, Anchorage, AK 99521.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge Walker
　 and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

12/20/17
Date

By: _____
　　　Deputy Clerk

I certify that on 12/20/17 a copy of this Summons was ☐ mailed ☒ given to
☒ plaintiff ☐ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk ___AB___

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

EXHIBIT A, Page 1 of 6

CIV-100 ANCH (10/13)(cs) Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

COPY
Original Received
DEC 20 2017
Clerk of the Trial Courts

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MEGHAN L. FASHJIAN, <br> COMPLAINANT, <br> vs. <br> ALASKA RADIOLOGY ASSOCIATES, INC., <br> RESPONDENT. | Case No. 3AN-17-11305 CI |

## COMPLAINT

COMES NOW, Meghan L. Fashjian, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Meghan Fashjian, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Alaska Radiology Associates, Inc., has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

### II. FACTS

2.1. On or about June 27, 2016, Plaintiff Meghan Fashjian began working as a Nurse Practitioner for defendant Alaska Radiology Associates.

2.2. On or about June 28, 2016, plaintiff first encountered Dr. Inampudi, who immediately showed hostility toward Ms. Fashjian.

COMPLAINT: FASHJIAN V. ALASKA RADIOLOGY ASSOCIATES, INC.     PAGE - 1 -

2.3. Dr. Inampudi was one of the owners of Alaska Radiology Associates, and a supervisor of Plaintiff Fashjian.

2.4. Between June 28, 2016 and August 18, 2016, Plaintiff Meghan Fashjian experienced many encounters with Dr. Inampudi, during which he treated her in a hostile, demeaning manner, that disparately impacted the terms and conditions of her employment.

2.5. In was Meghan Fashjian's personal observation, and that of support staff at Alaska Radiology Associates, that Dr. Inampudi's hostile treatment of her was due to her gender, in that he did not respond in the same hostile and demeaning manner when speaking or interacting with male employees at Alaska Radiology Associates.

2.6. On or about August 24, 2016, Plaintiff Fashjian complained to Dr. Coyle, President of Alaska Radiology Associates, about Dr. Inampudi's gender based disparate treatment of her, pointing out that she was experiencing a hostile working environment that was impacting the terms and conditions of her employment.

2.7. On or about August 30, 2016, Dr. Coyle called Ms. Fashjian to his office for a follow-up meeting concerning her complaints against Dr. Inampudi. During this meeting, Dr. Coyle did not address the plaintiff's complaints, but instead asked if she thought she was going to be happy in this job, pointing out that it did not seem as she was a "good fit" for the job.

2.8. During her August 30, 2016 meeting with Dr. Coyle, Ms. Fashjian stated that she just wanted to do her job without having to endure a gender-based hostile work environment. In response to Ms. Fashjian's complaints, Dr. Coyle offered to allow her to terminate her contract and leave the job rather than attempt to correct Dr. Inampudi's conduct.

2.9. At the end of her August 30, 2016 meeting, Dr. Coyle suggested that Ms. Fashjian should go on paid time off that had been scheduled, and they would revisit the issue with Dr. Inampudi after she returned.

2.10. On or about September 13, 2016, after Ms. Fashjian returned from PTO she again met with Dr. Coyle. During this second meeting attended by Ward Hinger CAO, Dr. Coyle again asked Ms. Fashjian if she would be willing to void her contract, stating that it did not seem as if she was enjoying the job. Ms. Fashjian again reiterated that she simply wanted Dr. Inampudi to treat her with respect.

2.11. On September 16, 2016, Ms. Fashjian was called back to meet with Dr. Coyle and Mr. Hinger. At this meeting, Dr. Coyle told Ms. Fashjian that it had been determined that she was not a good fit for the business. As such, she was given two choices, either to quit or to resign. She was told to make a decision on the spot, without the ability to consult with legal counsel or further review her options.

2.12. Initially, Ms. Fashjian opted to resign, but changed her mind and told Dr. Coyle that she did not want either option, rather she wanted a resolution to her complaint against Dr. Inampudi. In response, Dr. Coyle pointed out that he could fire her for any reason, and then he fired her.

2.13. After being terminated, Ms. Fashjian filed a complaint with the EEOC, eventually received her right to sue letter, and is now filing this claim based upon her right to sue letter from the EEOC.

### CAUSES OF ACTION

#### GENDER BASED DISCRIMINATION AGAINST MEGHAN FASHJIAN: 42 U.S.C. § 2000E-2(A)

3.1. Plaintiff herewith refers to, and by that reference incorporates as though fully set forth herein, each and every paragraph set forth above.

COMPLAINT: FASHJIAN V. ALASKA RADIOLOGY ASSOCIATES, INC.  PAGE - 3 -

3.2. Plaintiff is informed and believes that Defendant Alaska Radiology Associates treated her differently based on her gender when it permitted Dr. Inampudi to treat her in a disparate way, based on her gender.

3.3. Plaintiff is informed and believes that Defendant Alaska Radiology Associates further subjected Ms. Fashjian to a hostile work environment when it permitted Dr. Inampudi to verbally harass her, humiliate her, and otherwise demean her based on her gender.

3.4. Plaintiff is informed and believes that Defendant Alaska Radiology Associates further retaliated against Ms. Fashjian when it terminated her employment after she complained about the gender based harassment that she was experiencing by Dr. Inampudi.

3.5. As a direct and proximate result of Defendant's unlawful conduct, by treating her in a disparate manner based on her gender, and retaliating against her for complaining about gender inequality, Plaintiff has suffered injuries, including but not limited to, extreme and severe mental anguish and emotional distress, including stress, tension, nausea, anxiety, difficulty sleeping, humiliation, embarrassment, and other mental distress.

3.6. Plaintiff has suffered and will continue to suffer a loss of earning potential, other job opportunity and benefits. She is therefore entitled to general and consequential damages to be proven at trial.

## JURY DEMAND

4.1. Plaintiff, Meghan Fashjian, hereby demands a trial by jury on all claims and issues for which she has a right for a jury to render judgment.

/
/

## PRAYER FOR RELIEF

WHEREFORE, as a proximate, legal, and substantial cause of Defendant's acts and omission above, Plaintiff prays for the following remedies:

1. For special damages according to proof, including loss of income, loss of earning potential, other job opportunity and benefits;
2. For general damages in an amount according to proof including but not limited to, extreme and severe mental anguish and emotional distress, including stress, tension, nausea, anxiety, difficulty sleeping, humiliation, embarrassment, and other mental distress, within the jurisdiction limit of this court;
3. For punitive damages;
4. For reasonable attorney's fees as provided by statute (42 U.S.C. § 1988);
5. For pre-judgment interest as allowed by law;
6. For cost of suit herein;
7. For any other such relief as the Court deems just and proper, or as permitted by statute.

Dated: December 18, 2017

Isaac D. Zorea
ABA No. 0011090
Counsel for Meghan Fashjian